FILED 09 MAY '25 13:45 USDC-ORE

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

Kang Immortus

      Plaintiff,

    v.

LITHIA NISSAN OF EUGENE;

LITHIA MOTORS, INC.; and

NISSAN NORTH AMERICA, INC.,

      Defendants.

Case No. 6:25-cv-00778

## MOTION TO REMAND

## I. INTRODUCTION

Plaintiff respectfully moves this Court to remand this case to the Lane County Circuit Court under 28 U.S.C. § 1447(c), as Defendant's removal was both jurisdictionally unsupported and procedurally improper. Plaintiff's claims arise under Oregon law, do not implicate any substantial federal question, and involve two properly joined and served Oregon defendants, rendering removal barred by the forum defendant rule under § 1441(b)(2).

## II. Legal Standard for Remand

1.    A defendant may remove a civil action to federal court only if the federal

court has original jurisdiction over the matter. Where subject matter jurisdiction

is lacking, or where removal contravenes the forum defendant rule codified in 28

U.S.C. § 1441(b)(2), remand is mandatory. The burden of establishing federal

jurisdiction rests with the removing party, and any doubts regarding the

propriety of removal must be resolved in favor of remand.

### III. Plaintiff's Claims Arise Exclusively Under Oregon Law

2.    Plaintiff brings five causes of action, all arising purely under Oregon law:

gross negligence, reckless endangerment, emotional distress, retaliation, and

violation of Oregon's Lemon Law. Plaintiff's claims are also supported by

Oregon's consumer protection statutes, further underscoring the state-law nature

of this action. While the complaint references the Magnuson-Moss Warranty Act

in support of Plaintiff's warranty enforcement, it is not asserted as a separate

cause of action. The federal statute is cited solely for background and does not

create a substantial federal question. Defendants' reliance on that reference as

the sole basis for removal is legally unsupported and must be rejected.

3.    The factual allegations underlying Plaintiff's claims are entirely Oregon-

based. The vehicle was purchased, repaired, and driven in and around Eugene,

Oregon. All failed experimental repair attempts were performed by Lithia Nissan

of Eugene, a named Oregon defendant and the only authorized Nissan service

center involved in this case. All alleged misconduct by Lithia Nissan of Eugene

and its parent company, Lithia Motors, Inc., occurred within the State of Oregon,

including seventeen separate incidents captured on video between March 24,

2025 and May 6, 2025, which occurred on Eugene, Oregon roads.

PAGE 2 - MOTION TO REMAND

4.      Plaintiff has narrowly avoided multiple near collisions over the course of a year of failed repairs due the same unresolved defect. After initially providing a loaner, Defendants later repossessed it and banned Plaintiff in retaliation for objecting to Defendants decision to perform a third experimental repair despite knowing the previous failed December 2024 rebuild nearly caused an accident. Lithia Nissan of Eugene returned the defective Sentra to Plaintiff on March 24, 2025, and it has failed while driving every single day since.  These acts of gross negligence, reckless endangerment, and retaliation occurred entirely within Oregon, by Oregon-based entities, and are governed exclusively by Oregon law.

5.      Defendant's attempt to federalize this matter by seizing on a passing warranty reference ignores the overwhelmingly state-based character of this case. No substantial federal question is implicated, and resolution of Plaintiff's claims requires no construction or interpretation of federal law. This Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331, and there is no alternative basis to support removal.

## IV. Plaintiff's Warranty Claim Is Governed by Oregon's Lemon Law, Not the Magnuson-Moss Act

6.      Plaintiff's Certified Pre-Owned 2019 Nissan Sentra is fully protected under Oregon's Lemon Law, ORS 646A.400 to 646A.418, because the vehicle was covered by an active manufacturer's express warranty at the time the defects arose. Defendant's attempt to invoke the Magnuson-Moss Warranty Act as a basis for federal jurisdiction is meritless. Plaintiff's claims arise exclusively under Oregon law, and Oregon's Lemon Law expressly extends to subsequent purchasers of vehicles that remain under the manufacturer's express warranty.

While the Magnuson-Moss Warranty Act is referenced in the complaint, it is not essential to the resolution of Plaintiff's claims.

7.      Under ORS 646A.400(1)(b), a "consumer" includes: (1) "any person to whom a new motor vehicle used for personal, family or household purposes is transferred for the same purposes during the duration of an applicable express warranty," and (2) "any other person who is entitled by the terms of the express warranty to enforce its obligations." Plaintiff satisfies both definitions. The vehicle was purchased as a Nissan Certified Pre-Owned unit and remains under the manufacturer's powertrain warranty. The CVT transmission failures at issue, posing serious safety risks and rendering the vehicle unreliable, began and were reported while that coverage was in full effect.

8.      Moreover, Plaintiff's vehicle powertrain is protected under the extended 7-year/85,000-mile warranty issued pursuant to the nationwide class action settlement in Minerva Martinez, et al. v. Nissan North America, Inc. That settlement, which arose from systemic CVT transmission failures in 2018–2019 Nissan Sentras, required Nissan to extend powertrain coverage for precisely the defect now present in Plaintiff's vehicle. Defendants cannot rely on the benefits of that settlement to avoid technical liability while simultaneously denying the Lemon Law protections that attach during the same warranty period.

9.      Plaintiff's first documented repair attempt occurred on May 9, 2024, at 60,480 miles, well within the 85,000-mile, 7-year warranty period, which began on June 20, 2019. Even as of today, the vehicle remains within both the time and mileage limitations of that warranty. Oregon's Lemon Law ties eligibility to the duration of a valid express warranty.

PAGE 4 - MOTION TO REMAND

Plaintiff falls squarely within the statutory definition of a covered consumer, and the manufacturer remains bound by its warranty obligations under state law.

10.     Plaintiff's complaint includes three service records dated May 2024, December 2024, and January 2025, each documenting failed repair attempts for the same recurring defect. Despite these repeated interventions, the defect remains unresolved. In addition to these service records, Plaintiff has provided Defendants with seventeen video recordings captured between March 24, 2025 and May 6, 2025, each showing the vehicle violently malfunctioning while in motion. These videos plainly depict the vehicle lurching, losing propulsion, and posing a serious hazard to both the Plaintiff and surrounding traffic.

11.     Removal is improper. Plaintiff's warranty-based claim is governed by Oregon's Lemon Law, and his remaining causes of action—including gross negligence, reckless endangerment, and emotional distress—are strictly state tort claims. No substantial federal question is presented, and no federal interpretation is necessary. This Court lacks subject-matter jurisdiction, and the case must be remanded under 28 U.S.C. § 1447(c).

## V. Removal is Procedurally Barred Under 28 U.S.C. § 1441(b)(2)

12.     Even if Defendant Nissan North America, Inc. could establish some basis for federal jurisdiction, which it cannot, removal is still barred under the forum defendant rule. 28 U.S.C. § 1441(b)(2) prohibits removal based on diversity jurisdiction where any properly joined and served defendant is a citizen of the state in which the action was filed. Here, Plaintiff filed suit in Oregon Circuit Court, and two of the named Defendants, Lithia Nissan of Eugene and Lithia Motors, Inc., are both Oregon corporate citizens.

13.    As Nissan acknowledges in its Notice of Removal, all Defendants had been properly served well before the removal was filed. Specifically, Plaintiff served all Defendants by April 8, 2025, and Defendant filed its Notice of Removal on May 8, 2025, exactly 30 days later. At the time of removal, therefore, this case included at least two properly served Oregon defendants, making removal procedurally improper under § 1441(b)(2).

14.    The presence of a properly joined and served forum defendant—regardless of whether that defendant joined in the notice—destroys the right of removal under the plain language of the statute. Courts have repeatedly recognized that removal under these circumstances is barred even if another out-of-state defendant (here, Nissan North America) attempts to assert federal jurisdiction. The policy behind § 1441(b)(2) is to prevent defendants from bypassing a state court forum when sued in their own home state—a concern that applies directly here.

15.    This case was filed in Oregon, involves two Oregon-based defendants, and concerns events that occurred entirely within Oregon. Removal is therefore not only substantively unsupported, but also procedurally forbidden under binding federal law. The case must be remanded to Lane County Circuit Court under 28 U.S.C. § 1447(c).

## VI.  Removal Reflects Bad Faith and Gamesmanship

16.    Even  if the Court were to find federal jurisdiction remotely plausible, remand remains appropriate because Defendants' conduct suggests this removal was not pursued to resolve a legitimate jurisdictional dispute but rather to delay discovery, obstruct resolution, and avoid accountability in Oregon state court.

17.    Over a six-week span from March 24 to May 6, 2025, Plaintiff
documented and compiled seventeen videos capturing repeated, violent
mechanical failures of the 2019 Sentra while in motion on the road. These
videos, showing propulsion loss, engine surging, and erratic CVT behavior,
were uploaded to a shared Dropbox folder which has been received and
accessible to all Defendants since April 13, 2025. The videos clearly
demonstrate that the vehicle poses a serious and ongoing safety hazard to
Plaintiff and public safety. The aforementioned Dropbox folder remains
accessible to the Court at the following URL: bit.ly/SentraFailureVideos

18.    In addition to the video evidence, Plaintiff sent multiple emails to
Defendants, including an email on May 6, 2025 to both of their respective
appointed Oregon counsel, Stephen Rickles (Lithia Nissan of Eugene and Lithia
Motors, Inc.) and Stephen Yoshida (Nissan North America, Inc.), notifying that
the shared Dropbox folder had reached nearly twenty videos of live driving
failures and again pleaded for Defendants to either coordinate to authorize a
loaner vehicle or expedite a full buyback before a serious collision occurs.

19.    These warnings were ignored. No safety measures were offered. No
resolution was proposed by any Defendant. Defendants remained silent while
Plaintiff continued to operate the defective vehicle under threat of serious
injury. Within two days of receiving Plaintiff's May 6 email, Defendants instead
coordinated to remove this action to federal court, underscoring that the removal
was not prompted by legitimate jurisdictional concerns, but by a calculated
effort to delay discovery and evade liability in Oregon state court.

20.    On May 6, 2025, Plaintiff served Nissan North America, Inc. with thirty

Requests for Admission pursuant to ORCP 45. Just two days later, on May 8,

2025, Defendants filed their Notice of Removal. That timing strongly indicates

that removal was not driven by jurisdictional necessity, but by a strategic effort

to delay and derail state discovery obligations.

21.    Defendants were served on April 8, 2025, and waited until May 8, 2025,

the final day allowed under 28 U.S.C. § 1446(b), to file their Notice of Removal.

This last-minute filing strongly suggests it was done simply to toll the removal

deadline, not because federal jurisdiction was ever seriously believed to exist. It

appears to be a delay tactic aimed at avoiding recently served ORCP 45 state

discovery obligations.

22.    Removal under these circumstances reflects a misuse of the removal

statute and appears calculated to delay and obstruct ongoing state court

discovery. Remand is proper under 28 U.S.C. § 1447(c). Plaintiff respectfully

requests that the Court return this matter to Oregon state court and  formally note

Defendants' misuse of the removal statute as part of the record.

### VII. Notice to Adverse Parties and Court

23.    Pursuant to 28 U.S.C. § 1446(d), Plaintiff will promptly serve this Motion

to Remand to all counsel of record by both email and U.S. Mail, and file proof of

service with the Court. Plaintiff  understands that, if remand is granted, the Clerk

of this Court will transmit the remand order to the Lane County Circuit Court

pursuant to 28 U.S.C. § 1447(c).

## VIII. <u>Conclusion</u>

24.    Because Plaintiff's claims arise solely under Oregon state law, do not implicate any substantial federal question, and were improperly removed in violation of 28 U.S.C. § 1441(b)(2), this Court lacks subject-matter jurisdiction. Plaintiff respectfully requests that this case be remanded to Lane County Circuit Court under 28 U.S.C. § 1447(c).

> Respectfully Submitted,
> Dated: May 9, 2025
> Kang Immortus
> 2940 Crescent Ave APT 211
> Eugene, OR, 97408
> 541-736-6984
> kangtheconqueror937@gmail.com
> Plaintiff, Pro Se
> Signature: *Kang Immortus*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, I served the foregoing Motion to Remand to State Court on the following counsel of record by both email and U.S. Mail, first-class postage prepaid:

Stephen Rickles
Attorney for Defendants Lithia Nissan of Eugene and Lithia Motors, Inc.
The Rickles Law Firm
PO Box 10065
Portland, OR 97296
steve@rickles-law.com

Stephen P. Yoshida
Attorney for Defendant Nissan North America, Inc.
Martin Bischoff LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
syoshida@mblglaw.com

Executed on May 10, 2025.

<div style="margin-left:50%">

Respectfully Submitted,

Dated: May 9, 2025

Kang Immortus

2940 Crescent Ave APT 211

Eugene, OR, 97408

541-736-6984

kangtheconqueror937@gmail.com

Plaintiff, Pro Se

Signature: *Kang Immortus*

</div>