FILED 15 MAY '25 13:03 USDC ORE

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| Kang Immortus<br><br>　　　Plaintiff,<br><br>　　v.<br><br>LITHIA NISSAN OF EUGENE;<br><br>LITHIA MOTORS, INC.; and,<br><br>NISSAN NORTH AMERICA, INC.,<br><br>　　　Defendants. | Case No. 6:25-cv-00778<br><br>**DECLARATION**<br>**IN SUPPORT OF**<br>**MOTION TO REMANDD** |

## DECLARATION IN SUPPORT OF MOTION TO REMAND

## I INTRODUCTION

This declaration is submitted in support of Plaintiff's Motion to Remand, filed on May 9, 2025. Its purpose is to provide the Court with a clear summary of Plaintiff's good faith efforts to resolve the jurisdictional issue informally, and to confirm that Plaintiff is not pursuing any federal claims at this time. Despite Plaintiff's written clarification that only Oregon tort and Lemon Law claims are being pursued, Defendants have refused to stipulate to remand or offer any meaningful response.

PAGE 1 - DECLARATION IN SUPPORT OF MOTION TO REMAND

1.  On May 9, 2025, Plaintiff served Defendants with my Motion to Remand, making clear that this case is based solely on Oregon Lemon Law and Oregon tort claims, and does not involve any federal cause of action.

2.  On Sunday, May 11, 2025, Plaintiff received an email from Stephen Yoshida, counsel for NNA, Inc., stating Defendants would stipulate to remand only if Plaintiff agreed to remove all reference to the Magnuson-Moss Warranty Act from the complaint, essentially waving all future federal warranty rights.

3.  On May 12, 2025, Plaintiff responded by email, defending the validity of the complaint and making it clear that if Defendants had conditions for remand, Plaintiff had conditions as well, specifically, that they provide a temporary loaner vehicle due to the danger presented by the defective vehicle.

4.  On May 13, 2025, I sent a follow-up email in which I clarified again that my claims are strictly under Oregon state law. I proposed we move forward with immediate remand without any stipulations from either side before this unnecessary removal wastes any more of your time and resources.

5.  As of the date of this declaration, Defendants have not responded to my May 12 or follow up May 13 emails, have not stipulated to remand despite receiving the clarification they requested, and have not offered a loaner vehicle.

6.  Plaintiff respectfully submits this declaration, along with the attached correspondence, as Exhibit A, to ensure the Court has a complete and accurate record of Plaintiff's efforts to resolve this matter without further burden on the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Dated: May 15, 2025

Kang Immortus
2940 Crescent Ave APT 211
Eugene, OR, 97408
541-736-6984
kangtheconqueror937@gmail.com
Plaintiff, Pro Se
Signature: *Kang Immortus*

# EXHIBIT A

**Email Correspondence between Plaintiff and Defense Counsel**

**Dated May 11, 12, and 13, 2025**


# Gmail

K &lt;kangtheconqueror937@gmail.com&gt;

## Service of Filed Motion to Remand – Case No. 6:25-cv-00778

**Stephen P. Yoshida** &lt;SYoshida@mblglaw.com&gt;  Sun, May 11, 2025 at 11:41 AM
To: K &lt;kangtheconqueror937@gmail.com&gt;
Cc: Sonya Kuehn &lt;SKuehn@mblglaw.com&gt;, "Johnathon K. Carter" &lt;JCarter@mblglaw.com&gt;, "steve@rickles-law.com" &lt;steve@rickles-law.com&gt;

Hello Sir –

We are in receipt of your Motion to Remand.

Our reading of the Complaint is that it is clearly asserting a breach of warranty claim under the Magnuson-Moss Warranty Act because, if not, there is no point in including reference to the federal statute or the allegation that Nissan North America's ("NNA") warranty obligations arise under the Magnuson-Moss Warranty Act. We don't believe that citing to a federal statute as the source of the breach of warranty claim is adding "context." With that said, if you indeed are not asserting a claim under the Magnuson-Moss Warranty Act, and if you are not seeking any relief available under the Magnuson-Moss Warranty Act, then I would propose the following to resolve this jurisdictional and pleading issue:

- Written confirmation that you are not asserting any claim or seeking any remedies under the Magnuson-Moss Warranty Act; and
- Agreement to remove the allegations from the Complaint that reference the Magnuson-Moss Warranty Act upon remand to state court (as any allegation referencing the federal statute would be immaterial if there is no claim being asserted under the statute).

NNA could then agree to voluntarily remand back to State Court. Let me know your thoughts.

Steve Yoshida

Stephen P. Yoshida | Partner

 Gmail

K <kangtheconqueror937@gmail.com>

## Service of Filed Motion to Remand – Case No. 6:25-cv-00778

K <kangtheconqueror937@gmail.com>  Mon, May 12, 2025 at 10:49 AM
To: "Stephen P. Yoshida" <syoshida@mblglaw.com>
Cc: steve@rickles-law.com, SKuehn@mblglaw.com

Please take the time to read this entire message, then let me know what you think.

Under Breach of Warranty in my complaint, point 68, I cite both ORS § 72.3130 and the Magnuson-Moss Warranty Act. It is entirely proper to reference all of your client's warranty obligations, even if Oregon state law takes precedence. Further, as stated in my motion, my vehicle qualifies under Oregon's Lemon Law, and my other claims against the defendants and your clients, including negligence, are Oregon tort claims. There is no reason for me to remove that single Magnuson-Moss Warranty Act reference from my complaint.

I would really like to see whether Judge McShane agrees that your removal appears to be bad faith gamesmanship at the expense of his court's time and resources, and whether he chooses to note that conduct on the record.

If you would like to agree to remand this as a "misunderstanding" before your bad faith tactics might be noted on record then I will need in writing, the following:

1) NNA will coordinate with Lithia Nissan of Eugene to take back this vehicle and provide a loaner immediately before this defective vehicle causes an accident.

Do you and your clients believe that the negligible cost of a temporary loaner is worth more than my and my girlfriend's lives? Maybe you should be more worried about our safety than trying to trap me into waiving all future MMWA rights.

Both of your firms and all defendants have had access to a Dropbox folder now containing 20 videos of the vehicle violently failing while in motion between March 24 and May 11, 2025. I emailed you and Stephen Rickles on May 6, pleading to coordinate with your clients to get us into a loaner vehicle before someone gets hurt or this car causes a multi-car collision. You all ignored me, and filed for removal instead, two days after being served Requests for Admission.

I have begged for a safe resolution for weeks. This vehicle fails randomly while driving every day. There have been far more failures that went undocumented. These failures have nearly caused a few collisions over these last weeks.

This is not a game to me. My family's lives have been at risk every single day, I've been in therapy for weeks over how distressing and traumatic all of this is. All defendants have dodged any and all responsibility for over 6 weeks now.

You are all licensed attorneys. Do you understand how out of control this will become if one of the vehicle's next failures actually results in a crash?

Kang Immortus

[Quoted text hidden]

 Gmail

K <kangtheconqueror937@gmail.com>

# Service of Filed Motion to Remand – Case No. 6:25-cv-00778

K <kangtheconqueror937@gmail.com>  Tue, May 13, 2025 at 3:25 PM
To: "Stephen P. Yoshida" <syoshida@mblglaw.com>
Cc: SKuehn@mblglaw.com, steve@rickles-law.com

I wanted to follow up in hopes of resolving this matter promptly.

After some reflection, I would like to propose stipulating to remand this case back to Lane County Circuit Court immediately. I've made it very clear that I am pursuing Oregon State Lemon Law and Oregon tort claims, and not asserting any cause of action under the Magnuson-Moss Warranty Act at this time.

There is no reason to burden Judge Mchshane with a case that does not belong in federal court. I will not remove anything from my complaint, but I will not have any concessions on remand either. It would not be right to waste any further of the Eugene District courts time or resources on this unnecessary removal.

With that said, I hope the defendants can do the right thing and coordinate to provide a temporary loaner vehicle before this vehicle causes an accident. What your clients have spent on this removal in total likely exceeds the usage cost of providing us with a temporary loaner. I sincerely hope your clients can begin to prioritize our safety a little more seriously.

Sincerely,

Kang Immortus