IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KANG IMMORTUS, | Case No. 6:25-cv-00778-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LITHIA NISSAN OF EUGENE; LITHIA MOTOR, INC.; and NISSAN NORTH AMERICA, INC., | |
| Defendants. | |

MCSHANE, Judge:

Self-represented Plaintiff Kang Immortus brings this action against Defendants Lithia Nissan of Eugene, Lithia Motors, Inc., and Nissan North America, Inc., alleging that Defendants' handling of Plaintiff's warranty on the purchase of a 2019 Nissan Sentra constituted negligence, reckless endangerment, retaliation, and breach of warranty. *See* Notice Remov. Ex. 1, at ¶¶ 34–81, ECF No. 1 ("Compl."). Before the Court is Plaintiff's Amended Motion to Remand. Pl.'s Am. Mot. Remand, ECF No. 18. The Court DENIES the Motion, as discussed below.

## BACKGROUND

For clarity, the Court walks through the litigation so far. On April 2, 2025, Plaintiff filed his Complaint in Lane County Circuit Court, alleging a host of state law violations and one claim for breach of warranty under the Magnuson-Moss Warranty Act. *See* Compl. ¶ 68. On April 8, Plaintiff served Defendant with the Summons and Complaint. Notice Remov. 2–3. On May 8, Defendants removed the case to federal court asserting that federal courts have original jurisdiction

1 – Opinion and Order

over claims brought under the Magnuson-Moss Warranty Act. *Id.*

Plaintiff, at first, moved to remand the case to state court. Pl.'s Mot. Remand, ECF No. 3. He argued: "While the complaint references the Magnuson-Moss Warranty Act in support of Plaintiff's warranty enforcement, it is not asserted as a separate cause of action. The federal statute is cited solely for background and does not create a substantial federal question." *Id.* at ¶ 2. After Defendants responded to the motion for remand, Plaintiff moved for a preliminary injunction. *See* Pl.'s Mot. Prelim. Inj., ECF No. 7. Specifically, Plaintiff requested an order compelling Defendants "to immediately repurchase Plaintiff's 2019 Nissan Sentra for the amount of $27,389" pursuant to Plaintiff's "federal warranty claim under the Magnuson-Moss Warranty Act." *Id.* at ¶¶ 9, 14. The Court stayed the motion for injunction pending its resolution of the motion to remand, which raised a preliminary question of whether this Court has subject matter jurisdiction. *See* Order, ECF No. 11. Plaintiff then filed a reply "to clarify his position." Pl.'s Reply ¶ 5, ECF No. 14. The reply explained that "Plaintiff now seeks federal jurisdiction solely to obtain emergency injunctive relief under the Magnuson-Moss Warranty Act." *Id.* at ¶ 2. He maintains that when he "filed the Motion to Remand on May 9, 2025, he was not pursuing any federal claims. However, after further research, it became clear that the most direct and effective path to immediate vehicle relief is through a preliminary injunction under the Magnuson-Moss Warranty Act." *Id.* at 2.

Now before the Court is Plaintiff's Amended Motion to Remand. Pl.'s Am. Mot. Remand, ECF No. 18. In it, Plaintiff asks the Court (1) to retain jurisdiction over Plaintiff's Magnuson-Moss Warranty Act claim for purposes of the stayed motion for preliminary injunction, (2) to remand all remaining state law claims against Defendant Nissan North America, Inc., and (3) to remand all remaining claims against Defendants Lithia Nissan of Eugene and Lithia Motors, Inc. *Id.* at 2.

Because Plaintiff's request is premature, the Court denies the Motion.

## **DISCUSSION**

Generally, a defendant may remove a civil action from state court to federal district court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. If, following removal, the court determines it lacks subject matter jurisdiction, and that the case was therefore improperly removed, it must remand the matter to state court. 28 U.S.C. § 1447(c).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy" 28 U.S.C. § 1367(a). A district court "may" still decline to exercise supplemental jurisdiction over a claim if (1) it raises novel or complex issues of state law, (2) it predominates the claims over which the court has original jurisdiction, (3) it is leftover after all the original jurisdiction claims have been dismissed, or (4) it presents an "exceptional circumstance" where "compelling reasons" justify declining jurisdiction. § 1367(c). The decision whether to exercise supplemental jurisdiction over state law claims after the federal claims have been dismissed is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Here, Plaintiff's Complaint asserts a claim under the Magnuson Moss Warranty Act. That Act allows consumers to sue in federal court for a warrantor's failure to comply with the terms of a warranty, provided the amount in controversy is $50,000 or more. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C. § 2310(d)); *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). Plaintiff's Complaint seeks $999,999.99; he therefore meets the amount-in-controversy requirement. Consequently, the claim falls within the

Court's original jurisdiction, and Defendants were permitted to remove the case to federal court within 30 days of service, as they did.

Although styled as a motion for remand, Plaintiff's Motion is a request for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff makes this request while simultaneously imploring the Court to rule on his pending Magnuson-Moss Warranty Act claim. Because the Court has not yet dismissed the federal claim over which it has original jurisdiction, it finds the question of whether to exercise supplemental jurisdiction premature. The Court notes, however, that Plaintiff desires to proceed with the state law claims in state court. Once the Magnuson-Moss Warranty Act claim is resolved, the Court will revisit whether to decline to exercise supplemental jurisdiction under § 1367.

## **CONCLUSION**

For the reasons discussed above, the Court DENIES Plaintiff's Amended Motion to Remand, ECF No. 18. Plaintiff's original Motion to Remand, ECF No. 3, is DENIED as MOOT. Having resolved the question of whether this Court has jurisdiction, the Court lifts the stay and resumes briefing on Plaintiff's pending Motion for Preliminary Injunction, ECF No. 7. Defendant's Response is due within 14 days of issuance of this Opinion and Order.

IT IS SO ORDERED.

DATED this 14th day of July 2025.

                                                s/Michael J. McShane
                                                    Michael McShane
                                            United States District Judge