**Stephen P. Yoshida, OSB No. 044588**
syoshida@mblglaw.com
**Johnathon K. Carter, OSB No. 223670**
jcarter@mblglaw.com
MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

Attorneys for Defendant Nissan North America, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| KANG IMMORTUS,<br><br>    Plaintiff,<br><br>    v.<br><br>LITHIA NISSAN OF EUGENE; LITHIA MOTOR, INC.; and NISSAN NORTH AMERICA, INC.,<br><br>    Defendants. | Case No. 6:25-cv-00778<br><br>**DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendant Nissan North America, Inc. ("NNA") hereby responds in opposition to Plaintiff Kang Immortus' ("Plaintiff") Motion for Preliminary Injunction. NNA's Response is supported by the points and authorities set forth herein, the Declaration of Johnathon K. Carter, and the Court's own file.

Page 1 -   DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR  97204
Telephone: 503-914-2015

## I. INTRODUCTION

Plaintiff has asserted numerous claims and theories against NNA and its independent authorized dealership Lithia Nissan of Eugene ("Lithia") based on his contention that his 2019 Nissan Sentra vehicle is defective and unsafe. Plaintiff's motion for preliminary injunction asks this Court to grant him "mandatory" injunctive relief in the form of a compelled vehicle repurchase. In effect, Plaintiff is asking this Court to declare him victorious on his claim under the Magnuson-Moss Warranty Act ("MMWA")—prior to any discovery and before any adjudication/trial on the merits—all while he continues to pursue his numerous other claims against NNA and Lithia based on the very same allegations.

Motions for preliminary injunctions are limited in scope and intended to maintain the status quo or prevent irreparable harm during litigation. They are not intended to substitute for a final judgment based on the merits. In this respect, Plaintiff's motion for preliminary injunction misapprehends the purpose and scope of this form of provisional remedy. As set forth below, Plaintiff's motion should be denied because he has an adequate remedy at law, and also because he cannot meet the exceedingly high burden of establishing entitlement to a mandatory injunction.

In sum, while Plaintiff may feel passionate about the strengths of his case, that is insufficient to support the issuance of a mandatory injunction that would effectively grant him all of his requested relief under the MMWA.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the owner of a 2019 Nissan Sentra vehicle ("subject vehicle"). According to Plaintiff's Complaint, the subject vehicle is defective and unsafe. Plaintiff claims NNA breached the terms of its express limited written warranty covering the subject vehicle. Plaintiff also claims Lithia either failed or refused to perform effective warranty repairs to the subject vehicle. Plaintiff filed the present lawsuit against NNA and Lithia, asserting claims for negligence, violation of Oregon's Lemon Law, and breach of warranty under the federal MMWA, among other claims.

Page 2 -   DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR  97204
Telephone: 503-914-2015

On May 23, 2025, Plaintiff filed the present motion for preliminary injunction, requesting that the Court order NNA "to immediately repurchase Plaintiff's 2019 Nissan Sentra for the amount of $27,389," to remedy his claims under the MMWA. Dkt. 7 at 1. Plaintiff also requested that "no defendants be dismissed from the state law claims set forth in the Complaint." *Id.* at 5. Plaintiff thereafter filed a "Supplement" to his motion for preliminary injunction, in which he reiterated his position that he "believes that his preliminary injunction, followed by remand of the remaining claims, is the clearest path to immediate resolution in which Plaintiff no longer needs to choose between driving a dangerously defective vehicle or being left without transportation." Dkt. 12 at 3.

### III.    ARGUMENT

#### A.    The Court Should Deny Plaintiff's Motion Because Plaintiff Does Not Lack an Adequate Remedy at Law.

As a threshold matter, Plaintiff's Motion should be denied as a matter of law because he has not alleged—let alone established—that he lacks an adequate legal remedy. As the Ninth Circuit has explained, it "is a basic doctrine of equity jurisprudence that courts of equity should not act ... when the moving party has an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (internal quotation omitted); *see also Unigestion Holdings, S.A. v. UPM Tech., Inc.*, 580 F. Supp. 3d 932, 954 (D. Or. 2022) ("Federal courts [] are precluded from awarding equitable relief when an adequate legal remedy exists."). As such, "plaintiffs must plead the inadequacy of legal remedies before requesting equitable relief" from this Court. *In re Intel Corp. CPU Mktg., Sales Prac. & Prods. Liab. Litig.*, No. 3:18-md-2828-SI, 2021 WL 1198299 at *11 (D. Or. Mar. 29, 2021) (dismissing equitable claims where "Plaintiffs have not alleged, even in the alternative, that they do not have adequate legal remedies").

Moreover, federal courts have routinely held that where a plaintiff's claim sounds in product defect (including in automobile cases), monetary damages are an adequate remedy at law and equitable relief is, therefore, inappropriate. *See, e.g., Burgos v. Am. Honda Motor Co., Inc.*,

Page 3 -    DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

No. 2:23-cv-02128-AB-SK, 2024 WL 2108843, at *9 (C.D. Cal. May 7, 2024) (dismissing without leave to amend equitable claims because any argument that legal remedies were inadequate "would fail: Plaintiffs' claims are fundamentally product defect claims in which they seek various measures of monetary damages that are commonly deemed adequate remedies at law"); *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7428810, at *25 (N.D. Cal. Dec. 22, 2016) (noting that monetary damages are the "ordinary and more appropriate relief" for car defects, "not a mandatory injunction requiring [a car manufacturer] to uniformly repair and/or replace" a defect in every vehicle) (citations and internal quotation marks omitted), aff'd, 726 F. App'x 608 (9th Cir. 2018); *Clark v. Am. Honda Motor Co., Inc.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. Mar. 25, 2021) (dismissing equitable relief claims because "[c]ourts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect, and reject the argument that injunctive relief requiring repair or replacement is appropriate") (quoting *In re MacBook Keyboard Litig.*, Case No. 5:18-CV-02813-EFD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020)).

In the present case, Plaintiff has not alleged, and he cannot prove, that he lacks an adequate remedy at law. To the contrary, it is evident from the face of Plaintiff's motion that he does have adequate legal remedies available to him, as he explicitly asks the Court to order NNA to repurchase his vehicle for the specific sum of $27,389, while he continues to prosecute his state-law claims. The very fact that Plaintiff has identified a dollar figure that he believes represents fair compensation for the alleged breach of warranty and/or alleged defective vehicle establishes, in itself, that he has an adequate remedy at law in the form of money damages. *See, e.g., Clark*, 528 F. Supp. 3d at 1121.

Plaintiff is free to try to prove his case at trial and secure a verdict for money damages for the alleged breach of warranty, alleged defective vehicle, and his alleged emotional distress. He is not, however, allowed to skip the actual litigation and trial process via this motion for preliminary injunction, and have this Court grant him a preliminary "win" on part of his case (while he continues to pursue the remainder of his case seeking additional and arguably derivative legal

Page 4 -   DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

remedies). *See Unigestion Holdings*, 580 F. Supp. 3d at 954–55 ("[Plaintiff] has shown an issue of fact for its claim of common law fraud by active concealment, which is a legal claim, and [Plaintiff] may present that claim to a jury. Thus, the equitable claim of unjust enrichment is no longer available to [Plaintiff]."). Plaintiff has an adequate remedy at law and, therefore, his motion should be denied.

### B. Plaintiff Cannot Establish the Elements Necessary to Obtain Affirmative Injunctive Relief.

Plaintiff's motion for preliminary injunction does not merely ask this Court to preserve the status quo or prevent NNA from taking some action that might cause him immediate, irreparable harm. Instead, Plaintiff asks this Court to award him an affirmative remedy that would require NNA to (1) take possession and title of the subject vehicle and (2) pay Plaintiff money. As set forth below, Plaintiff's request for affirmative and mandatory injunctive relief represents an extraordinary remedy; and one that is strongly disfavored. Plaintiff fails to meet his burden for this form of extraordinary relief. Specifically, Plaintiff cannot establish the required elements of irreparable harm or likelihood of success on the merits.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Given the extreme nature of the relief, mandatory injunctions are "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotations and citations omitted). Accordingly, the standard for a mandatory injunction is "doubly demanding," and the movant "must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in original). Indeed, as a general rule, "mandatory injunctions are not granted unless extreme or very

Page 5 - DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

<u>serious damage will result</u> and are <u>not issued in doubtful cases or where the injury complained of is capable of compensation in damages</u>." *Marlyn Nutraceuticals*, 571 F.3d at 879 (emphasis added).

### 1. Plaintiff Cannot Establish Irreparable Harm.

Plaintiff "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *Goldie's Bookstore, Inc. v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1984)); *see also Associated Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991) (stating that the plaintiff "must do more than merely allege imminent harm"). Accordingly, a "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean,* 844 F.2d at 674.

Plaintiff cannot establish that he will suffer immediate, irreparable harm if the Court does not order NNA to immediately repurchase the subject vehicle. Indeed, the harm Plaintiff complains of is purely and explicitly speculative: he alleges that he is at "serious and ongoing risk" (Dkt. 7 at 1); that his vehicle creates "immediate, life-threatening danger to Plaintiff and others on the road" (*id*. at 2); and that his family faces "daily ongoing danger." Dkt. 12 at 3. Despite the alleged immediate life-threatening danger to himself, his family, and the public, Plaintiff "continues to drive a vehicle that presents an active and daily safety risk." Dkt. 7, at 4.

NNA notes that Plaintiff's position here is not materially different than most any other plaintiff in virtually any other vehicle "lemon law" case. Plaintiffs in all such cases allege that their vehicles are defective, non-conforming, and, in most cases, they contend the vehicle poses some form of a risk.[1] These types of allegations are simply not sufficient to rise to the level of

---

[1] Most any alleged vehicle defect can be framed as an alleged safety risk—an engine that might stall unexpectedly, a vent that cannot defog windows and obstructs the driver's view, a radio that cuts in and out and will cause distraction, etc. If the alleged existence of a potential safety issue were all that was required to support a mandatory injunction, most all vehicle warranty litigation would be decided on motions for preliminary injunction versus on the merits after full and fair adjudication.

Page 6 -   DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR  97204
Telephone: 503-914-2015

immediate, unavoidable, and irreparable harm necessary to justify the issuance of a mandatory injunction.  As one district court recently stated: "**Plaintiffs know that driving the car may be hazardous and therefore can avoid driving it. There is no immediate threat to either Plaintiffs' or the public's safety**." *Dolce v. Certified Luxury Motors*, No. 25-CV-2150 (AT) (RWL), slip op. at 8, 2025 WL 1198833, at *4 (S.D.N.Y. Apr. 11, 2025) (denying pro se plaintiff's request for temporary restraining order against automobile dealership based in part on "vehicle safety defects and public safety risk") (emphasis added).  Similarly, here, if Plaintiff truly believes his vehicle is not safe to drive, he can choose not to drive it until the case is decided on the merits.  As such, Plaintiff has failed to establish irreparable harm, "which alone merits denying the injunctive relief [he seeks]." *Id*. at *3.

### 2.     Likelihood of Success on the Merits

Plaintiff must also establish that the law and facts clearly show a likelihood of success on the merits of his MMWA claim to obtain his requested relief. *See, e.g., Garcia*, 786 F.3d at 740. The law and facts in the record do not clearly show a likelihood of success on the merits.  To the contrary, Plaintiff's motion merely presents one side of a factual dispute as to (1) whether the subject vehicle suffers from a defect and (2) whether NNA failed to honor the terms of the express limited repair warranty.  This disputed factual issue must be decided after discovery, expert evaluation, etc.

Additionally, NNA has a viable legal defense to Plaintiff's MMWA claim based on his apparent failure to engage in informal dispute settlement procedures. The MMWA provides that, where a warrantor establishes an informal dispute settlement procedure, such as arbitration through the Better Business Bureau ("BBB"), and the written warranty includes a requirement that the consumer resort to such procedure before pursuing any legal remedy under the MMWA relating to the warranty, then "the consumer may not commence a civil action … under [MMWA] unless he initially resorts to such procedure." *See* 15 U.S.C. § 2310(3). In this instance, the applicable

Page 7 -   DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR  97204
Telephone: 503-914-2015

written warranty includes an arbitration provision which triggers this pre-suit informal dispute provision:

> BBB AUTO LINE is an informal dispute settlement mechanism operated to comply with applicable Federal law and regulations. In states where BBB AUTO LINE is available, you are required to use BBB AUTO LINE before exercising rights or seeking remedies under Title I of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et. seq.

Decl. of Johnathon K. Carter, ¶ 3, Ex. 1 at 3. As such, Plaintiff was required to engage the BBB Auto Line informal dispute settlement procedure prior to seeking remedies under the MMWA. NNA does not believe Plaintiff has satisfied this pre-suit requirement.

Based on the foregoing, there are disputed factual and legal issues which preclude Plaintiff from meeting his "doubly demanding" burden to show a clear likelihood of success on the merits. For this additional reason, Plaintiff's motion should be denied. *See, e.g., Marlyn Nutraceuticals*, 571 F.3d at 879 ("mandatory injunctions … are not issued in doubtful cases").

## IV.    CONCLUSION

NNA respectfully requests that the Court deny Plaintiff's motion for preliminary injunction for all the reasons stated herein.

DATED: August 4, 2025.

        MARTIN BISCHOFF, LLP

        s/ Johnathon K. Carter
        Stephen P. Yoshida, OSB No. 044588
        syoshida@mblglaw.com
        Johnathon K. Carter, OSB No. 223670
        jcarter@mblglaw.com
        620 SW 5th Avenue, Suite 300
        Portland, OR 97204
        *Attorneys for Defendant Nissan North America, Inc.*

Page 8 -    DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR  97204
Telephone: 503-914-2015

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I served the foregoing DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION on the individuals listed below by causing a true copy thereof to be served in the manner specified below:

| | |
|---|---|
| Kang Immortus<br>2940 Crescent Ave., Apt. 211<br>Eugene, OR 97408<br>Email: kangtheconqueror937@gmail.com<br>*Pro se Plaintiff* | ☒ U.S. Mail, postage prepaid<br>☐ E-service via the court<br>☒ E-mail |
| Stephen P. Rickles<br>The Rickles Law Firm, PC<br>PO Box 10065<br>Portland, OR 97296<br>Email: steve@rickles-law.com<br>*Attorneys for Defendants Lithia Nissan of Eugene and Lithia Motors, Inc.* | ☐ U.S. Mail, postage prepaid<br>☒ E-service via the court<br>☐ E-mail to: |

MARTIN BISCHOFF, LLP

  s/ Johnathon K. Carter
Stephen P. Yoshida, OSB No. 044588
syoshida@mblglaw.com
Johnathon K. Carter, OSB No. 223670
jcarter@mblglaw.com
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: (503) 914-2015
*Attorneys for Defendant Nissan North America, Inc.*

Page 9 - DEFENDANT NISSAN NORTH AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

MARTIN BISCHOFF, LLP
Attorneys at Law
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015