IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KANG IMMORTUS,

    Plaintiff,

v.

LITHIA NISSAN OF EUGENE; LITHIA MOTOR, INC.; and NISSAN NORTH AMERICA, INC.,

    Defendants.

Case No. 6:25-cv-00778-MC

OPINION AND ORDER

**MCSHANE, Judge:**

    Plaintiff Kang Immortus asks this Court to issue a preliminary injunction to force Defendants to repurchase his allegedly defective sedan. He maintains that he "continues to drive a vehicle that presents an active and daily safety risk" on account of "severe and uncontrollable" Continuous Variable Transmission failures. Pl.'s Mot. ¶ 12; ECF No. 7. Plaintiff argues that without injunctive relief he "must choose between risking random uncontrollable vehicle failures or being stranded without transportation." *Id.* In response, Defendants argue that Plaintiff "is asking this Court to declare him victorious on his claim" before any fact-finding, which exceeds the permissible scope of a preliminary injunction. Def.s' Resp. 2; ECF No. 23.

    Because Plaintiff does not show: (1) that he will likely suffer irreparable harm absent the injunction; or (2) that he will likely succeed on the merits of his claims, his motion for a preliminary injunction is DENIED.

**BACKGROUND**

1 – Opinion and Order

Plaintiff owns a Certified Pre-Owned 2019 Nissan Sentra sedan that is still under an extended express limited written warranty. Pl.'s Mot. ¶¶ 1-2. Plaintiff asserts that his Sentra is defective and unsafe because of dozens of "severe and uncontrollable CVT failures . . . ." *Id.* at ¶ 3. "In these incidents, the vehicle repeatedly slipped out of gear and abruptly stopped accelerating while driving before chaotically jerking back into motion, often at speeds of up to 35 mph . . . , creating immediately, life-threatening danger to Plaintiff and others on the road." *Id.* at ¶ 4. Plaintiff took his car to Lithia Nissan of Eugene three times between May 2024 and January 2025 for warranty repairs. *Id.* at ¶ 5. Ultimately, Plaintiff "was forced to take back" his Sentra in March 2025, "despite serious concerns about the decision to perform a third CVT rebuild . . . ." *Id.* at ¶ 6.

Plaintiff filed his Complaint in Lane County Circuit Court, alleging various state-law violations and one claim for breach of warranty under the federal Magnuson-Moss Warranty Act. Not. Removal, Ex. 1 ("Compl."), ECF No. 1 After Defendants removed the case, Plaintiff filed his motion for a preliminary injunction, asking the Court to order Defendants "to immediately repurchase Plaintiff's 2019 Nissan Sentra" pursuant to the federal warranty claim. Pl.'s Mot. ¶ 4. Defendants argue that "[p]laintiff is free to try to prove his case at trial and secure a verdict for money damages" for the allegations in his Complaint. Def.'s Resp. 4. Further, "[p]laintiff has an adequate remedy at law and, therefore, his motion should be denied." *Id.* at 5. Finally, Defendants argue that Plaintiff's warranty contains a binding informal dispute settlement procedure that precludes his Magnuson-Moss Warranty Act claim. *Id*. at 7-8.

## **LEGAL STANDARD**

Preliminary injunctions preserve the status quo until a court can decide parties' claims on the merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Injunctive relief is an "'extraordinary' equitable remedy that is 'never awarded as of right.'" *Starbucks Corp. v.*


*McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 24 (2008)). To succeed on a motion for a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Though a plaintiff must show all four elements set out in *Winter*, they "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This balancing reflects a "sliding scale" approach to *Winter*'s preliminary injunction test. *Id*.

In any case, a plaintiff seeking a preliminary injunction must "demonstrate that irreparable injury is *likely*" without preliminary relief. *Winter*, 555 U.S. at 22; *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172-73 (9th Cir. 2011) (denying a preliminary injunction because plaintiff did not demonstrate a possibility, let alone a likelihood, of harm). To issue a preliminary injunction absent likely irreparable harm would undermine the "characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Plaintiffs therefore will not obtain "a preliminary injunction unless there is 'no adequate legal remedy'" for the alleged harm. *Bennett v. Isagenix Int'l, LLC*, 118 F.4th 1120, 1129 (9th Cir. 2024) (quoting *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021)). For instance, courts may not grant injunctive relief based on the threat of mere monetary injury. *Colo. River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850 (9th Cir. 1985). Finally, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiffs must also show likelihood of success on the merits to prevail on a motion for injunctive relief. *See, e.g.*, *Bennett*, 118 F.4th at 1126 (if movant fails to establish likelihood of success, courts may deny injunctive relief without considering other factors). Courts begin by analyzing the likelihood that a plaintiff will succeed on their substantive claims in the case. *Id.* The sliding scale approach to the preliminary injunction test states that "'*serious questions* going to the merits' and a hardship balance that tips *sharply* toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (quoting *All. for the Wild Rockies*, 632 F.3d at 1135). "'Serious questions' are ones 'that cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation.'" *Flathead-Lolo-Bitterroot Citizen Task Force v. Mont.*, 98 F.4th 1180, 1192 (9th Cir. 2024) (quoting *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023)).

## DISCUSSION

Plaintiff seeks a preliminary injunction requiring Defendants to "immediately repurchase Plaintiff's 2019 Nissan Sentra for $27,389 . . . ." Pl.'s Mot. ¶ 14. As Plaintiff does not show the likelihood of irreparable harm in the absence of injunctive relief and does not show likelihood of success on the merits, his motion is denied.

First, Plaintiff fails to demonstrate that he is likely to face irreparable harm without a preliminary injunction. Plaintiff argues that he faces "imminent and irreparable harm" from his "prolonged and unsafe retention of the defective vehicle under warranty" since "the vehicle remains dangerously defective despite three failed warranty repairs . . . ." Pl.'s Mot. 1, ¶ 14. To remedy this harm, Plaintiff asks the Court to force Defendants to buy back his car for a specified dollar amount. *Id.* at 1. The relief Plaintiff seeks is not the type contemplated by a preliminary injunction because he wants cash for his allegedly defective vehicle. *See Ariz. Dream Act Coal. v.*

*Brewer*, 855 F.3d 957, 978 (9th Cir. 2017) (granting a permanent injunction because Plaintiffs have shown that remedies available at law, such as damages, are inadequate to compensate them). Though Plaintiff argues that the irreparable harm takes the form of a "dangerously defective" vehicle, he seeks repossession of the vehicle in exchange for a cash payment—essentially damages. These cash damages necessarily mean that Plaintiff has adequate legal remedies for his alleged harms, making injunctive relief inappropriate. *Bennett* 118 F.4th at 1129.

And even if the relief sought were appropriate here, Plaintiff's allegations of adverse future effects of not securing a buyback are speculative. *See, e.g.,* Pl.'s Mot. ¶ 13. Plaintiff lists his car's past transmission failures and reports that he "had zero transportation for over two weeks." *See* Pl.'s Supp. to Mot. ¶ 2; ECF No. 12; Pl.'s Third Supp. to Mot. ¶¶ 2, 7; ECF No. 26. These allegations do not establish irreparable harm absent the forced sale of his Sentra. *See Center for Food Safety*, 636 F.3d at 1173 (finding that the district court erred in issuing a preliminary injunction based on past examples of harm instead of on continuing adverse effects). This Court is sympathetic to Plaintiff's frustrations with his vehicle and any purported safety concerns. Without proof of concrete, imminent, and irreparable harm, however, Plaintiff's alleged damages are too speculative to justify injunctive relief. *See Caribbean Marine Svs. Co., Inc.*, 844 F.2d at 675 (finding that the district court erred in issuing a preliminary injunction based on declarations that "*speculate*" about the alleged imminent harm). He has therefore failed to show the likelihood of irreparable injury according to the law. Should Plaintiff succeed on his claims at trial, he could recoup monetary damages at that time.

Second, Plaintiff fails to establish that he is likely to succeed on the merits. This Court does not reach the sliding scale approach to the *Winter* test because Plaintiff merely asserts that he "is likely to succeed on the merits of his federal warranty claim under the Magnuson-Moss Warranty

Act." Pl.'s Mot. ¶ 9. In doing so, Plaintiff ignores Defendants' possible viable legal defense.[1] *See* Pl.'s Mot.; Pl.'s Supp. to Mot; Pl.'s Third Supp. to Mot. The Court need not evaluate the merit of Defendants' projected defense at the preliminary injunction stage. But its existence undermines Plaintiff's threadbare contentions that he will succeed at trial. Accordingly, the Court does not address the balance of equities or the public interest and, in sum, Plaintiff has failed to meet his burden to obtain a preliminary injunction.

## CONCLUSION

Because Plaintiff fails to show the likelihood of irreparable harm and fails to demonstrate that he is likely to succeed on the merits, his motion for a preliminary injunction, ECF No. 7, is DENIED.

IT IS SO ORDERED.

DATED this 19th day of September 2025.

       \_\_\_s/Michael J. McShane_____
       Michael McShane
       United States District Judge

---

[1] Defendants allege that they have "a viable legal defense to Plaintiff's [Magnuson-Moss Warranty Act] claim based on his apparent failure to engage in informal dispute settlement procedures." Def.'s Resp. 7. Section 2310(a)(1) of the Magnuson-Moss Warranty Act states: "Congress hereby declares it to be its policy to encourage warrantors to establish procedures whereby consumer disputes are fairly and expeditiously settled through informal dispute settlement mechanisms." If a warrantor establishes a qualifying informal dispute settlement procedure and requires the consumer to "resort to such procedure before pursuing any legal remedy under this section," § 2310(a)(3)(C), then the consumer "may not commence a civil action" without following the prescribed dispute resolution process. § 2310(a)(3). Whether this provision precludes Plaintiff from bringing this action is not a question for the Court today. Plaintiff nonetheless should have addressed § 2310(a)(3) in a discussion about his likelihood of succeeding on the merits. For instance, even if the statute does not bar equitable relief here and instead only bars a civil action for legal remedies, Plaintiff's analysis does not broach the issue at all. Because Plaintiff does not demonstrate how his claim would overcome a preclusive informal dispute settlement requirement should Defendants' assertions prove true, he fails to show likelihood of success on the merits.